UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE BAILEY, o/b/o J.L.M.,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 12-cv-13159
HON. BERNARD A. FRIEDMAN
MAG. JUDGE DAVID R. GRAND

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I.**     **Introduction**

Before the Court are plaintiff's objections to Magistrate Judge David R. Grand's April 12, 2013 Report and Recommendation ("R&R") [docket entries 16 and 19]. The Commissioner filed a response [docket entry 21]. Magistrate Judge Grand recommended that the Court grant the Commissioner's motion for summary judgment [docket entry 15] and deny plaintiff's motion for summary judgment [docket entry 12]. Since the Court has reviewed this matter *de novo* pursuant to Fed. R. Civ. P. 72(b)(3), and finds that the magistrate judge's recitation of the underlying facts is accurate, the Court will adopt his summary of the factual record as it appears on pages 2 through 8 of the R&R.

**II.**     **Facts**

Plaintiff seeks judicial review of the Commissioner's decision denying her minor sons's claim for Supplemental Security Income. Plaintiff applied for benefits on behalf of her

son ("claimant") on January 15, 2010, claiming disability resulting from Attention-Deficit Hyperactivity Disorder ("ADHD") and Hodgkin's Lymphoma as of October 20, 2009. The application was denied on March 15, 2010 and plaintiff subsequently filed a timely notice for a hearing. On April 28, 2011, a hearing was held before an Administrative Law Judge ("ALJ"), during which plaintiff was represented by counsel. The ALJ found that claimant was not "disabled" within the meaning of the Social Security Act.

Thereafter, plaintiff appealed the ALJ's unfavorable determination to the Appeals Council, which denied her request for review. Plaintiff then filed the instant complaint for judicial review of the denial of benefits.

### III.     Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) *quoting* Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). As a result, this Court may not reverse the Commissioner's decision merely because it disagrees or "because there exists in the record substantial evidence to support a different conclusion." McClanaham v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006) *quoting* Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the

Commissioner may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

**IV.     Analysis**

On appeal, plaintiff maintains that the ALJ failed to: 1) evaluate claimant's diagnoses of ADHD and Hodgkin's Lymphoma in view of the entire record; 2) supplement the record on the ground of inadequacy and 3) identify the particular impairment listings relevant to this matter.[1]

With respect to plaintiff's first objection, the record demonstrates that the ALJ extensively reviewed claimant's medical and academic records to determine whether his conditions resulted in any "marked" or "extreme" functional limitations.  Additionally, the ALJ had no heightened duty to develop the administrative record, particularly in light of the fact that plaintiff was represented by counsel. See Rowe v. R.R. Ret. Bd., 114 F. App'x 189, 193 (6th Cir. 2004); Tuttle v. Comm'r of Soc. Sec., No. 98-5682, 1999 U.S. App. LEXIS 8312 at *2-3 (6th Cir. Apr. 26, 1999) *citing* Lashley v. Sec'y of Health & Human Servs., 708 F.2d 1048, 1051 (6th Cir. 1983).  In any event, although the ALJ afforded plaintiff an opportunity to supplement the record, she ultimately failed to do so.  Finally, the ALJ did not err by declining to engage in "an explicit discussion of whether the evidence meets or equals" a specific listing of impairment. Lyons v. Comm'r of Soc. Sec., No. 07-405, 2008 U.S. Dist. LEXIS 65963, at *13 (W.D. Mich. Aug. 28, 2008).

---

[1] Plaintiff also requests that the Court grant her leave to file an amended motion for summary judgment because counsel mistakenly filed a brief in support of her initial motion addressing the merits of another claimant's case.  The Court, however, already denied plaintiff's prior motion for identical relief in its order dated May 1, 2013 [docket entry 20].

Accordingly,

IT IS ORDERED that Magistrate Judge Grand's Report and Recommendation dated April 12, 2013, is hereby accepted and adopted and the findings of the Commissioner are affirmed.

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment is granted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.


Dated:   May 24, 2013                        _s/ Bernard A. Friedman_____
         Detroit, Michigan                   BERNARD A. FRIEDMAN
                                             SENIOR UNITED STATES DISTRICT JUDGE